UNITED STATES BANKRUPTCY COURT      FOR PUBLICATION
WESTERN DISTRICT OF NEW YORK
----------------------------------------------------------------
In re
    CLAUDE H. ROTH
    fdba Fry Ninja, LLC      Case No. 17-10002 MJK
    ROBIN L. ROTH
                Debtor
----------------------------------------------------------------

Regina A. Walker, Esq.
Law Office of Regina Walker
300 International Drive, Suite 100
Williamsville, NY 14221

ATTORNEY FOR DEBTORS

Mark J. Schlant, Esq.
1600 Main Place Tower
350 Main Street
Buffalo, NY 14202

CHAPTER 7 TRUSTEE

OPINION AND ORDER

We have known since 1978 that Congress made a mistake regarding the exemptability of personal injury awards when the injured party has landed in Bankruptcy Court. 11 U.S.C. §522(d)(11)(D), (E), then exempted "the Debtor's right to receive, or property that is traceable to – (D) a payment, not to exceed $7500.00, on account of personal bodily injury, not including pain and suffering or compensation for actual pecuniary loss, of the debtor or an individual of whom the debtor is a dependent; or (E) a payment in compensation of loss of future earnings of the debtor or an individual of whom the debtor is or was a dependent, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor."

Clear enough, but the legislative history said "Paragraph (11) allows the debtor to exempt certain compensation for losses. These include crime victim's reparation benefits, wrongful death benefits (with a reasonably necessary for support limitation), life insurance proceeds (same limitation), compensation for bodily injury, not including pain and suffering . . ., and loss of future earnings payments (support limitation). This provision in subparagraph (D)(11) is designed to cover payments and compensation of actual bodily injury, such as the loss of a limb, and is not intended to include the attendant costs that accompany such a loss, such as medical payments, pain and suffering, or *loss of earnings*. Those items are handled separately by the bill."[1] [Emphasis mine.]

The problem is, Congress neglected to deal with the "attendant costs" anywhere else in the Bill, nor has it corrected that omission in the thirty-eight years since the effective date of the Bankruptcy Reform Act of 1978.[2]

Initially the State of New York exercised its option to block use of the federal exemption list contained in §522(d), but it enacted new exemptions under New York Debtor and Creditor Law that were to be available only in bankruptcy cases. They were contained

---

[1] House Report Number 95-595 to accompany H.R.8200, 95th Congress, 1st Session (1977) pages 360-363.

[2] There is a suggestion in the legislative history to 11 U.S.C. §541 (a), that Congress might have intended to deal with these matters there. House Report Number 95-595 to accompany H.R. 8200, 95th Congress, 1st Session (1977) pages 367-369 stated "situations occasionally arise where property ostensibly belonging to the debtor will actually not be property of the debtor, but will be held in trust for another. For example, if the debtor has incurred medical bills that were covered by insurance, and the insurance company had sent the payment of the bills to the debtor before the debtor had paid the bill for which the payment was reimbursement, the payment would actually be held in a constructive trust for the person to whom the bill was owed." That might be true if the check was made payable to the provider of medical services: the debtor would be expected to deliver that check to the provider, and an intervening bankruptcy trustee could not claim those insurance payments as general property of the estate. But if the insurance check was written to the debtor (which would be an unlikely event in the State of New York), it would not be held in trust for the medical provider under New York law (to the best of this writer's knowledge). The point of this footnote is that it references one of the matters (medical bills) that the legislative history to §522(d)(11) said were "dealt with elsewhere in the bill".

in New York Debtor and Creditor Law Sections 282 and 283. A verbatim adoption of the federal exemption as to personal injuries was enacted in to New York law as Debtor and Creditor Law §282(3)(iii) and (iv). The State Legislature apparently was unaware of the legislative history statement in the House Report regarding §522, or else it might have gone looking for how "attendant costs" of a personal injury were dealt with in the 1978 Bankruptcy Reform Act, might have discovered that those costs were not in fact addressed, and might have filled the gap with its own view of how those aspects of personal injury compensation or award should be dealt with in New York state exemption law. That oversight by the State occurred in 1982, and stands uncorrected even now.[3]

## THE PRESENT CASE

Long before this Debtor filed for relief under Chapter 7, she was injured in an automobile accident in which the "other driver" was underinsured. She received some compensation from that other driver's insurance company, and proceeded mainly against her own insurance company under New York "no fault coverage" and the coverage that she had against her own policy for protection with regard to uninsured or underinsured "other" drivers.

The various recoveries that the debtor enjoyed on a pre-petition basis are not at issue here. Rather, it appears that she had to go to arbitration against her no-fault

---

[3] The federal exemption regarding personal injury has now gotten up to $23,675.00 dollars through federal legislation that provided for automatic adjustments to various dollar amounts in the Bankruptcy Code, based on various indexes or the like, but the New York State exemption remains at $7500.00.

insurance carrier regarding her claim for loss of wages for many months incident to the personal injury. Somewhere between twelve thousand dollars and twenty thousand dollars is at issue here at this point in the dispute, and the Debtor would prefer that I would not use the words "incident to" the personal injury, but that I would instead use the words "traceable to" the personal injury, because that is the language used in the applicable exemptions statute.

Thus the question presented in this case is whether the Debtor is entitled to a seventy-five hundred dollar exemption (she claimed the state exemptions) as to the award of "past" lost earnings.

DISCUSSION

Whatever role the phrase "traceable to" plays is not relevant. Whatever Congress might have intended with regard to "past lost wages" (rather than "future lost wages") as to exemptability, we have no knowledge. We know only that the state statute is clear, and excludes from exemptability any lost wages that are not "future lost wages". "Past lost wages" are not exempted under the federal statute, and because the state statute adopted the federal statute verbatim, along with its failings, the Debtor's effort to exempt up to seventy-five hundred dollars of the $12,000-$20,000 award for "past lost wages" must fail.

To the extent that the Debtor seeks relief in "equity," the Court cannot help her. It is true that higher federal courts have ignored state statutory exemption language on what seems to be equitable grounds. See, for example, *In re Wornick,* 544 F3d 486 (2d Cir.

2008), and the Second Circuit decision *In re Ames Department Stores, Inc.,* 76 F.3d 66 (1996), declaring that to the extent that §330 of the Bankruptcy Code appeared to preclude allowance of some fees to Debtor's counsel, that was an oversight by Congress that could be ignored. (But see *Lamie v. U.S. Trustee*, 540 U.S. 526 (2004) rejecting *In re Ames, id.*)

Such matters might be ignored by higher courts, but not by this trial court.

## CONCLUSION

What the Debtor seeks to exempt now is compensation for "actual pecuniary loss" and does not fall within the exemption under the applicable provision of state law.

This Court has stated often that equity cannot be called upon to create an exemption that does not exist under law.[4] It seems to the Court that this is especially true where the legislators have expressly addressed the matter at issue, and gave incomplete relief. This Court may not apply what it guesses the legislature would have enacted into law.

SO ORDERED

Dated:        Buffalo, New York
              June 30, 2017

                                                      s/Michael J. Kaplan
                                                  _____
                                                            U.S.B.J.

---

[4] See e.g. *In re Cranston*, 03-17366K (2004)